Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Philipp Plein Americas, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIPP PLEIN AMERICAS, INC., <br><br>*Plaintiff*<br><br>v.<br><br>BAIZHISE, BOCAIG, CHENKAI54632, DARLING991, DIANZURUI, EVERBUYING, FGWWHIDLR, GANSHANGQIUDI, GENGYANCONGSHOP, H1TY5J45T, JINJUN0845, JOLRGVJJTBHIOTHDTNGY, LAPYC33SHOP, LEIXIANG, LI LING 123456, LIBIN8851, LIQIYINTING, LVJIE84610, LZYLKAJSHDJASF, MXCAKJSGHDASFF, QIAOZE, QZSAJSGDAYSFF, RONGHUAHUACAOSHIJIE, TGYHG, THERRYING BABY'S, TTWYAVUJX, UTYOE37F, WAXAPNHAY, XIEMINGXIAE, YIZNIAJAJ and YUMOTIANYU,<br><br>*Defendants* | CIVIL ACTION NO.<br>24-cv-5197 (JSR)<br><br>[PROPOSED]<br>FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Philipp Plein** | Philipp Plein Americas, Inc. | N/A |
| **Defendants** | Baizhise, Bocaig, chenkai54632, Darling991, dianzurui, everbuying, fgwwhidlr, ganshangqiudi, gengyancongshop, h1ty5j45t, jinjun0845, jolrgvjjtbhiothdtngy, lapyc33shop, leixiang, Li Ling 123456, libin8851, liqiyinting, lvjie84610, lzylkajshdjasf, mxcakjsghdasff, qiaoze, qzsajsgdaysff, ronghuahuacaoshijie, tgyhg, Therrying Baby's, ttwyavujx, utyoe37f, waxapnhay, xiemingxiae, yizniajaj and Yumotianyu | N/A |
| **Defaulting Defendants** | Baizhise, Bocaig, chenkai54632, Darling991, dianzurui, everbuying, fgwwhidlr, ganshangqiudi, gengyancongshop, h1ty5j45t, jinjun0845, jolrgvjjtbhiothdtngy, lapyc33shop, leixiang, Li Ling 123456, libin8851, liqiyinting, lvjie84610, lzylkajshdjasf, mxcakjsghdasff, qzsajsgdaysff, tgyhg, Therrying Baby's, ttwyavujx, utyoe37f, waxapnhay, xiemingxiae, yizniajaj and Yumotianyu | N/A |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform operated by Wish US Holdings LLC ("Wish US Holdings") a California corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on July 2, 2024 | 1 |
| **Complaint** | Plaintiff's Complaint filed on July 20, 2024 | 6 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 | N/A |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on July 10, 2024 | 13-14 |
| **Plein Dec.** | Declaration of Philipp Patrick Hannes Plein in Support of Plaintiff's Application | N/A |

| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 14 |
|---|---|---|
| **Philipp Plein Products** | Men's and women's luxury apparel, accessories, footwear, fragrances, eyewear and home décor recognized for its extravagant designs and flashy aesthetic | N/A |
| **Philipp Plein Marks** | U.S. Trademark Registration Nos. 5,888,027 for "CHATEAU FALCON VIEW" for a variety of goods in Classes 9, 16, 18, 25, 33, 35 and 41; 5,220,434 for "PHILIPP PLEIN" for a variety of goods in Classes 9, 18, 26, 35 and 41; 4,918,695 for "PHILIPP PLEIN" for a variety of goods in Classes 3, 14, 21, 24 and 28; 6,375,556 for "PHILIPP PLEIN" for a variety of goods in Classes 12, 27 and 28; 2,869,210 for "PHILIPP PLEIN" for a variety of goods in Classes 3, 18, 20 and 25; 5,963,765 for "PLEIN SPORT" for a variety of goods in Classes 3, 9, 14, 18, 24, 25, 26, 28, 32 and 35; 5,730,872 for [shield design] for a variety of goods in Classes 9, 18, 25 and 35; 5,699,726 for [hexagon design] for a variety of goods in Classes 3, 9, 14, 18, 20, 21, 24, 25, 28 and 35; 5,815,665 for [PP hexagon design] for a variety of goods in Classes 9, 18, 26, 35 and 41; 6,932,568 for [product design] for a variety of goods in Class 3; 4,181,456 for [PP hexagon design] for a variety of goods in Classes 3, 14, 18, 20, 21, 24, 25 and 28; 6,969,424 for [PP hexagon design] for a variety of goods in Classes 3, 12, 20, 24, 27 and 28; 6,592,310 for | N/A |

| | | |
|---|---|---|
| | ![camera marks] for a variety of goods in Class 3;  4,966,755 for ![skull mark] for a variety of goods in Classes 3, 14, 18, 20, 21, 24, 25, 28 and 35 and 5,640,665 for ![eagle mark] for a variety of goods in Classes 9, 16, 18, 25, 33, 35 and 41 | |
| **Counterfeit Products** | Products bearing or used in connection with the Philipp Plein Marks, and/or products in packaging and/or containing labels bearing the Philipp Plein Marks, and/or bearing or used in connection with marks that are confusingly similar to the Philipp Plein Marks and/or products that are identical or confusingly similar to the Philipp Plein Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Wish US Holdings, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |


| | | |
|---|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Wish US Holdings, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on August 12, 2024 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Philipp Plein Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third and Fourth Causes of Action are dismissed without prejudice;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

reasonable and Plaintiff is awarded Seventy-Five Thousand U.S. Dollars ($75,000.00) in statutory damages ("Individual Damages Award") against each of the twenty-nine (29) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs G and H below, which shall apply worldwide):

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Philipp Plein Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Philipp Plein Marks;

   B. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

   C. directly or indirectly infringing in any manner any of Plaintiff's Philipp Plein Marks;

   D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Philipp Plein Marks to identify any goods or services not authorized by Plaintiff;

   E. using any of Plaintiff's Philipp Plein Marks, or any other marks that are confusingly similar to the Philipp Plein Marks on or in connection with the manufacturing,

2

      importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all

3

packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Philipp Plein Marks, or bear any marks that are confusingly similar to the Philipp Plein Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are permanently enjoined and restrained from:

  A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are permanently enjoined and restrained from:

  A. operation of Defaulting Defendants User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

  B. instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) above through III(4)(A) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

### IV.   **Dissolution of Rule 62(a) Stay**

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.   **Miscellaneous Relief**

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 21st day of August, 2024, at 10:30 a.m.

HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE